(119 App. Div. 53)

JOSEPH FALLERT BREWING CO., Limited, v. BLASS et al.

(Supreme Court, Appellate Division, Second Department. April 19, 1907.)

LANDLORD AND TENANT—TRANSFER OF REVERSION—DEPOSIT SECURING RENT.

· Where the lessee of premises deposited money with the lessor, to be returned at the end of the lease if all rent should be paid and the premises left in good order, the lessee's assignee could not recover the deposit against the lessor's grantees; there being no claim that they ever came in possession of the deposit, and the covenant to return the money not running with the land.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Joseph Fallert Brewing Company, Limited, against Carl Blass and another. From a judgment for defendants, plaintiff appeals. Affirmed.

This is an appeal from a judgment in favor of the defendants in an action brought to recover the amount of a deposit made at the time of the execution of a three-year lease of premises in Wyckoff avenue, borough of Brooklyn, January 29, 1903. Amalie Fink leased to Frederick Krauss the premises No. 197 Wyckoff avenue for the term of three years from February 1, 1903, by an instrument in writing duly acknowledged and recorded in the Kings county register's office February 13, 1903. A deposit was made, pursuant to the provision in said lease that it should remain "until the term of the lease is ended, and then to be returned to the party of the second part, provided there is no part of the rent due to the party of the first part, and provided the premises are left in as good a condition as when first hired, reasonable wear and tear excepted; but if there be other damage done, or rent be in arrears, then such arrearage of rent or expense of putting in condition the demised premises shall be deducted from such deposit and the balance be returned to such depos-

itor. * * * And it is further covenanted that a breach of any of the above covenants shall work a forfeiture of this lease and the deposit as liquidated damages, and that this lease is binding upon the heirs, representatives, and assigns of the parties hereto." It was also "agreed that the party of the second part shall not assign this lease, nor sublet the demised premises, or any part thereof, without the written consent of the party of the first part." January 28, 1905, Krauss, without the written consent of the owner, assigned to Charles Schmidt all his right, title, and interest under the said lease. November 1, 1905, the defendants became and still are the owners of said premises, and on the 4th of November Schmidt was dispossessed for his failure to pay $45 rent, and defendants entered into possession of the premises. Before the commencement of this action, and after his eviction, Schmidt assigned all his rights under the lease to plaintiff, who sued to recover the $180, less the said sum of $45.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Anson B. Cole, for appellant.
Adolph Feldblum, for respondents.

RICH, J. The only question presented is whether the action can be maintained against these defendants. There is no claim that the money deposited ever came into their possession. The learned counsel for appellant contends, however, that the covenant to return the money ran with the land, and defendants' title was taken subject to the agreement contained in the lease. In this we think he is mistaken. The covenant for the return of the money was a personal agreement between the original lessor and the lessee, and, while an action might be maintained against the original lessor to recover the difference between the amount deposited with her and the sum owing at the time the sublessee was dispossessed, the covenant to return was collateral. Abbott's New York Cyclopedic Digest, vol. 8, p. 904. In Vernon v. Smith, 5 Barn. & Ald. 1, Best, J., says:

"By the terms 'collateral covenants,' which do not pass to the assignee, are meant such as are beneficial to the lessor, without regard to his continuing the owner of the estate. This principle will reconcile all the cases."

In Vyvyan v. Arthur, 1 Barn. & Cress. 410, the same learned judge says:

"The general principle is that if the performance of the covenant be beneficial to the reversioner, in respect of the lessor's demand, and to no other person, his assignee may sue upon it; but if it be beneficial to the lessor, without regard to his continuing owner of the estate, it is a mere collateral covenant, upon which the assignee cannot sue."

In Bally v. Wells, 3 Wilson, 25, it is said:

"There must always be a privity between the plaintiff and defendant, to make the defendant liable to an action of covenant. The covenant must respect the thing granted or demised. When the thing to be done, or omitted to be done, concerns the land 'or estate, that is the medium which creates the privity between the plaintiff and defendant."

We have recently held, in Knusten v. Cinque, 113 App. Div. 677, 99 N. Y. Supp. 911, an action to recover the sum deposited by the tenant of a lessor who had sold and conveyed the property before the expiration of the lease, that the action was against the original lessor,

and this was upon the theory that the covenant to refund was collateral and did not run with the land.

The learned justice of the Municipal Court made a proper disposition of the case, and the judgment must be affirmed, with costs. All concur.