33⅓ dozen. The plaintiff, estimating that there remained 436½ pounds of yarn in the hands of defendant, sued it for conversion and has recovered a judgment.

It clearly appeared upon the trial that the defendant made the entire amount of yarn into sweaters; that the plaintiff, after a portion of the sweaters had been delivered to him, made an assignment for the benefit of creditors; that the assignee called on the defendant for the remaining sweaters, and was told there had been made of the remaining yarn 24½ dozen, and that there had been a burglary committed in defendant's premises, and 11 dozen of the sweaters had been stolen; that the remaining 13½ dozen would be delivered to the assignee if he would pay for the manufacture of the entire 24½ dozen and the further sum of $12, balance due the defendant upon the making of the first lot delivered to the plaintiff.

[1] The assignee testified that he offered to pay for the entire 24½ dozen if the defendant would deliver them to him, and to pay for the 13½ dozen then in defendant's hands; but the defendant refused to deliver any, unless the entire amount was paid. After this occurred, the defendant sold the sweaters in his hands, after notice to the plaintiff. Much time was devoted on the trial upon the so-called "tender" made by the assignee to the defendant. The transaction had none of the essential elements of a legal tender, and the amount offered was not deposited to defendant's credit, nor was it paid into court.

[2] From the present state of the record the issues were apparently very simple. No claim is made that the defendant was not entitled to retain possession of the goods until he was paid at least for their manufacture. If a portion of them was actually stolen through no fault or negligence on his part, he was excused from returning them to the plaintiff. There is no legal basis for the judgment as rendered, and there must be a new trial.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.

---

(91 Misc. Rep. 38)

### EAGLE IMP. CO. v. WAGNER.

(Supreme Court, Appellate Term, First Department. June 23, 1915.)

1. SET-OFF AND COUNTERCLAIM ⬅➡49—SUBLEASE—ACTION FOR RENT—COUNTERCLAIM.

   Where the owner leased premises for a term, and the tenant subleased one-half of the premises to defendant, and thereafter assigned his interest as lessor to the owner on January 22, 1915, the sublessee, whose rent was payable in advance, was entitled to prove a counterclaim of so much of the rent as was necessary to satisfy the tenant's indebtedness to him under an agreement that he should reimburse himself for goods sold to the tenant out of the rental.

   [Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 107–112, 114–117; Dec. Dig. ⬅➡49.]

2. LANDLORD AND TENANT ⬅➡217—ACTION FOR RENT—EQUITY—PARTIES.

   In an owner's action to recover rent from a sublessee, after taking the lessee's assignment of his interest as lessor, the necessary parties were not before the court to entitle the owner, as dominant landlord, whose im-

---

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

mediate tenant was insolvent, to proceed in equity directly against the sublessee.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 866–868; Dec. Dig. ☜217.]

3. COURTS ☜188—CITY COURT—JURISDICTION—ACTION IN EQUITY FOR RENT.
　　Such action in equity for rent would not be within the jurisdiction of the City Court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 412, 439, 440, 442, 447, 448, 451, 452, 454, 458, 464, 465, 467, 468; Dec. Dig. ☜188.]

Appeal from City Court of New York, Trial Term.

Action by the Eagle Improvement Company against Otto Wagner. Judgment for plaintiff upon a directed verdict, and defendant appeals. Reversed, and new trial granted.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Arthur Butler Graham, of New York City (Arthur Butler Graham and William H. Woolley, both of New York City, on the brief), for appellant.

M. Harold Hochdorf, of New York City, for respondent.

PAGE, J. The action is to recover rent for the months of January and February, 1915. The plaintiff, as owner, leased a store and basement to one Joseph Liebling for a term of five years, commencing February 1, 1911. Liebling thereupon leased to the defendant one-half of the store and basement for a like period. Then Liebling, by an assignment indorsed on the lease of the defendant, assigned his interest as lessor therein to Anna Liebling under date of January 1, 1912, acknowledged January 5, 1914, and Anna Liebling in turn assigned her interest in the lease to the plaintiff under date of January 22, 1915. Joseph Liebling collected the rent, including the rent for December, 1914, and it is conceded that the defendant had no knowledge of the assignment to Anna Liebling.

[1] Wagner had sold goods to Liebling prior to December 8, 1914, to the value of $386.85. In the answer the defendant had alleged:

"That at and prior to the dates of purchases it was agreed between the defendant and Liebling that the defendant should reimburse himself out of the rentals due and to become due from the defendant to said Liebling, and said Liebling did then and there sell, assign, and set over unto defendant all moneys due and to become due from defendant to said Liebling upon the lease referred to in the complaint, in paragraph second thereof, in an amount sufficient to repay the defendant for said purchases."

Liebling made defendant an allowance on account of his debt of $100 out of the December rent. The learned trial judge refused to receive any evidence as to this "counterclaim." The assignment to plaintiff was dated January 22d. The rent for the month of January was payable in advance. By virtue of the assignment the plaintiff took only such rent as was then due to the assignor or should thereafter become due. If the evidence warranted the conclusion that Liebling's agreement gave to the defendant the right to appropriate so much of the January rent as was necessary to satisfy his debt, only the balance of that rent would have passed to the assignee. Defend-

ant therefore would have the right to offset so much thereof as was necessary to satisfy his debt.

[2, 3] The learned counsel for respondent argues that, as defendant's right of possession depended upon his payment of rent, the plaintiff, as dominant landlord, in equity was entitled, his immediate tenant being insolvent, to proceed directly against the undertenant for the rent. This, however, is not a suit in equity. No facts are alleged in the pleadings that would warrant such relief, the necessary parties are not before the court, and the City Court would not have jurisdiction of the action. We are of the opinion that the defendant should have been allowed to present his evidence under his counterclaim by way of offset.

Judgment reversed, and a new trial granted, with costs to appellant to abide the event. All concur.