JOSEPH SHENK, Respondent, *v.* JOSEPH BREWSTER and Another, as Administrators, etc., of ROBERT S. STEDMAN, Deceased, Appellants.

First Department, December 5, 1919.

Practice — judgment on pleadings — motion not granted where plaintiff not entitled to all relief demanded — landlord and tenant — action to recover moneys deposited by tenant — agreement that deposit shall be applied on rent due — tenant not entitled to recover deposit — effect of death of landlord.

A plaintiff is not entitled to judgment on the pleadings unless he is entitled to judgment for all the relief demanded in his complaint, for necessarily such a judgment would follow the granting of the motion.

Thus, although a complaint may show that the lessee may be entitled to recover interest on a sum deposited as security for the due performance of the covenants of a lease, which question is not decided, the plaintiff would not be granted a judgment on the pleadings where he is not enti-

tled to recover the deposit owing to the fact that under the lease it was to be applied in payment of the rent for the last two months of the term. This is true although the lessor has died, for that fact did not terminate the lease as the heirs acquire the right to the possession and retention of the money for the purpose for which it was deposited, and it is their duty, as between themselves and the plaintiff, to apply the money so deposited to the payment of the rent as provided in the lease.

MERRELL, J., dissented, with opinion.

APPEAL by the defendants, Joseph Brewster and another, as administrators, from an order of the Appellate Term of the Supreme Court, entered in the office of the clerk of the county of New York on the 11th day of June, 1919, affirming an order of the City Court of the City of New York, entered in the office of the clerk of the said court on the 13th day of May, 1919, granting plaintiff's motion for judgment on the pleadings.

*Louis Bertcher*, for the appellants.

*Jacob R. Schiff* of counsel [*Samuel W. Dorfman* with him on the brief; *Morrison & Schiff*, attorneys], for the respondent.

LAUGHLIN, J.:

The material facts are stated in the opinion of Mr. Justice MERRELL, but I am unable to agree with his conclusion that the plaintiff's motion for judgment on the pleadings was properly granted.

If the order stands, it necessarily follows that the plaintiff will be entitled to enter judgment thereon for the relief demanded in the complaint which is not only for the interest but for a repayment of the money deposited with the defendants' intestate as security for the payment of the rent and for reimbursement for any expenses or damage incurred or suffered by the landlord through the failure of the tenant to keep and perform each and every of the conditions, covenants and agreements on his part contained in the lease. It is well settled that the plaintiff in an action is not entitled to have a motion by him for a judgment on the pleadings granted, unless on the pleadings he is entitled to judgment for all the relief he demands, for necessarily such a judgment

would follow the granting of the motion. If, therefore, the plaintiff was not entitled on the pleadings to recover the money so deposited, his motion should not have been granted even though he may be entitled to recover the interest agreed to be paid on the deposit. I am of opinion that on the pleadings he was not entitled to recover any of the money deposited and, therefore, it is unnecessary to express an opinion with respect to whether or not he may be entitled to recover the interest. Assuming that the plaintiff has fully performed every condition, covenant and agreement, as he alleges, which under the terms of the lease he was required to keep and perform, then by the express terms of the lease, the money deposited was to be applied in payment of the rent for the last two months of the term. It is to be inferred that the action was not commenced until after the expiration of the period for which the premises were rented to the plaintiff and it is alleged that one-half of the amount deposited has been applied in payment of the rent for one of the last two months but that the other half thereof has not been applied in payment of the rent for the other month. As I view the case, however, that does not entitle the plaintiff to recover the one-half of the money deposited which has not been applied in payment of the rent. On the death of the intestate the lease did not terminate. His heirs succeeded to his rights and to the right to the possession and retention of the money for the purposes for which it was deposited and it was their duty as between them and the plaintiff to apply the money so deposited to the payment of the rent as provided in the lease. There was no obligation on the part of the plaintiff, provided he kept and performed his obligations under the lease as he alleges, to make any further payment on account of the rent for the last two months of the period as between him and the intestate and the heirs of the intestate. That rent has been paid by the money so deposited and the defendants are liable to the heirs therefor provided the decedent died before the commencement of the last two months, which, however, is not alleged. It seems quite clear to me that the plaintiff's motion for judgment on the pleadings should have been denied. I am, therefore, of opinion that the determination of the Appellate Term and the order of the

City Court should be reversed, with ten dollars costs and disbursements in this court and in the Appellate .Term, and that the plaintiff's motion should be denied, with ten dollars costs.

CLARKE, P. J., DOWLING and PAGE, JJ., concurred; MERRELL, J., dissented.

MERRELL, J. (dissenting):

Defendants have appealed from a determination of the Appellate Term of the Supreme Court, First Department, which unanimously affirmed an order of the City Court of the City of New York granting plaintiff's motion for judgment on the pleadings. The pleadings consisted of plaintiff's complaint and the demurrer of the defendants thereto.

The action was brought to recover the sum of $1,833.33 together with interest on $3,666.66 at the rate of five per cent per annum from December 15, 1913, less interest paid on account. According to the allegations of the complaint the plaintiff leased of one Robert S. Stedman, defendants' intestate, on December 11, 1913, certain premises on West One Hundred and Forty-fifth street in the borough of Manhattan, for the term beginning December 15, 1913, and terminating December 14, 1918, a period of five years. As security for the payment of the rentals agreed to be paid by the plaintiff to the defendants' intestate for said premises the plaintiff deposited with the said lessor the sum of $3,666.66 under the following conditions, as specified in the lease:

" 18. The party of the second part hereby deposits with the party of the first part the sum of Three thousand six hundred and Sixty-six and 66/100 ($3666.66) Dollars, receipt whereof is hereby acknowledged, to be held and retained by the party of the first part as and for security for the payment of the rent agreed to be paid hereunder, and for the reimbursement of the party of the first part for any expenses or damage incurred or suffered because of the failure of the party of the second part to keep and perform each and every of the conditions, covenants and agreements herein agreed by him to be kept and performed during the entire term hereby leased; and the said party of the first part, provided the party of the

second part has in all respects complied with the terms and conditions of this agreement, will apply the said sum of Three thousand Six Hundred and Sixty-six and 66/100 ($3,666.66) Dollars on account of the rent for the last two (2) months of the said term, and agrees further to pay unto the said party of the second part the sum of five per cent (5%) interest per annum on the said deposit during the term of this lease, payable on December 15th of each year of said term."

The complaint further alleges that the plaintiff has duly complied with all the terms and conditions in said lease contained on his part to be performed, except such conditions the performance of which had been waived by the said lessor and by his said personal representatives after his death, and such of the conditions performance of which was made impossible by the said intestate and by his said personal representatives, and except that certain violations of the tenement house department of the city of New York, the removal of which would cost about fifty dollars, were not removed by the plaintiff.

The complaint further alleges that the lessor and his personal representatives, the defendants herein, failed to apply the said sum of $3,666.66 on account of the rent for the last two months of the term of the lease, but applied only one-half thereof for one of said last two months of the term.

The complaint further alleges that the defendants refused to repay to the plaintiff the said sum of $1,833.33, and that the lessor and the defendants have failed to pay the interest on the said sum of $3,666.66 at five per cent according to said agreement in the lease, except for two years of said term.

To said complaint the defendants demurred upon the ground that it appeared upon the face of the complaint that the complaint did not state facts sufficient to constitute a cause of action.

Cross motions were made by both the plaintiff and the defendants for judgment upon said pleadings. The motion of the defendants was denied, and that of the plaintiff granted, and judgment has been ordered for the plaintiff, together with ten dollars costs.

The appellants contend that such determination was improper and that the complaint did not state a cause of

action against the defendants; that if any cause of action existed in plaintiff's favor it was against the heirs at law of the decedent only.

Robert S. Stedman, defendants' intestate, died on or about April 3, 1918, and it is the contention of the defendants that immediately thereupon title to the real estate in question rested in the heirs at law of said decedent, and that the moneys in question which had been deposited by the plaintiff with the decedent were in effect rent for said real estate and did not pass to the administrators, but descended with the real estate to the decedent's heirs at law.

It is also claimed by the defendants that the complaint fails to show due performance by plaintiff of the conditions mentioned in the lease. In this respect the defendants seem to base their contention upon the allegation contained in the complaint that there were certain violations of the tenement-house department of the city of New York, costing about fifty dollars, which had not been removed by the plaintiff, and that it does not appear from the complaint that plaintiff, the lessee, has paid the rent for the last two months of the term.

And, finally, the defendants attack the order appealed from as improperly awarding costs to the plaintiff and against the defendants in violation of the provisions of sections 1835 and 1836 of the Code of Civil Procedure.

Considering appellants' points in the order named, it seems to me that the covenant contained in the lease respecting the deposit of $3,666.66 did not run with the land and was a personal agreement between the plaintiff and the decedent for which his estate is responsible. At the time the deposit was made it was not in payment of rent, but strictly as security for the performance on the plaintiff's part of conditions by him to be performed under the terms of the lease. The moneys thus deposited were in the possession of the decedent at the time of his death. At that time they were not applicable as rent and might never be so applied. They certainly would not be applied as rent except upon the faithful performance by the tenant of the conditions of his lease. For example, the moneys thus held as security would never be applied as rent in case the tenant, by some act of his, violated the terms

of the lease, upon which violation the said moneys might be retained as liquidated damages for such violation or for injury to the demised premises.

The cases of *Fallert Brewing Co., Ltd.,* v. *Blass* (119 App. Div. 53) and *Mauro* v. *Alvino* (90 Misc. Rep. 328) seem in principle to uphold the contention of the respondent herein. In the former case, Mr. Justice RICH, writing for the court, said: "The learned counsel for appellant contends, however, that the covenant to return the money ran with the land, and defendants' title was taken subject to the agreement contained in the lease. In this we think he is mistaken. The covenant for the return of the money was a personal agreement between the original lessor and the lessee, and while an action might be maintained against the original lessor to recover the difference between the amount deposited with her and the sum owing at the time the sub-lessee was dispossessed, the covenant to return was collateral."

And in *Mauro* v. *Alvino* (*supra*) it was said: "The obligation to return the deposit does not run with the land, consequently the grantee of the land, subject to the lease, cannot be held liable for its return. *Fallert Brewing Co.* v. *Blass*, 119 App. Div. 53. The defendants are, therefore, the proper parties to this action."

The appellants seek to distinguish these cases upon the ground that the covenant in the leases there under consideration provided that the security at the expiration of the demised term should be returned to the tenant, whereas in the present case the lease provides that in case of faithful performance by the tenant the security deposited by him was to be applied in payment of the rent for the last two months of the term of the lease. It seems to me that in principle the defendants do not distinguish the two cases cited from the condition prevailing in the present case. The distinction made is in form rather than in substance, and merely goes to the disposition of the security at the expiration of the lease. In the present case the moneys put up as security were not to be returned, but were to be applied in payment of the last rent due for the term. Under both circumstances the security thus held is a personal one, unattached to the premises leased. Unquestionably, after the decease of the lessor the real estate

vested in his heirs at law, and they would be entitled to the rents derived therefrom after the death of their ancestor. But this particular fund was not deposited as rent, but strictly as security for the faithful performance by the plaintiff of the conditions of the lease by him to be performed. The moneys thus deposited might never become rent for the premises. Assuming that at the expiration of the term the plaintiff had left the premises in such poor condition as would require the full amount of the security deposited by him for repairs and to put the premises in tenantable condition, under the terms of the agreement the landlord would have the right to retain the security as liquidated damages for the failure of the tenant to return the premises in good condition. In such event the plaintiff manifestly would not be relieved from the payment of rent for the final two months of his term, the moneys which he had deposited and which might have been devoted to such purpose having been consumed in making good his default in performing the conditions of the lease. It nowhere appears that the decedent's heirs at law ever received any part of the moneys thus deposited, except, as may be inferred from the allegation of the complaint, that $1,833.33, or one-half of the sum deposited by plaintiff, had been applied in payment of rent for one of the final two months of the term. At the time of the decedent's death the $3,666.66 was in his hands as security under the terms of the lease. That continued in the hands of his administrators thereafter awaiting the expiration of the term of the lease, when it might be determined whether or not those moneys could be applied in payment of rent for the final two months.

The complaint alleges full performance of the conditions of the lease by the plaintiff, except in a single minor particular, and it also alleges the failure of the administrators to keep the agreement of their intestate and apply $1,833.33 of such deposit in payment of the final month's rent of the leased period. Under such circumstances it seems to me that the complaint states a valid cause of action against the defendants.

As to the contention of the appellants that the complaint does not show full performance on plaintiff's part, I think their position in that respect is without merit. While it does not specifically appear in the complaint that the plaintiff has

paid the rental for the premises for the full term, the complaint does contain the general allegation that the plaintiff has in all respects performed on his part, with the exception of such matters as were waived or made impossible by the intestate and these defendants, and with the exception of the inconsequential item of fifty dollars for violations of the tenement house department by the plaintiff. It seems to me that this fifty-dollar item is so small that it may well be disregarded, and that plaintiff may be said to have substantially performed on his part. (*Spence* v. *Ham*, 163 N. Y. 220.)

As to the absence of an allegation that the entire rent has been paid by plaintiff, the complaint does allege that the administrators have applied $1,833.33 toward the payment of one month's rent of the final two months of the term. It is to be assumed that such application was made by the administrators in a proper manner, and that the remainder of the deposit, to wit, the sum of $1,833.33, still remains in their hands to be applied or paid over according to the rights of the interested parties as fixed in the lease. As the heirs are not parties to this action, the decision thereof will not be *res adjudicata* as to them. Were this an action against the plaintiff for rent, plaintiff would have the right to set up the fact of the deposit and to interplead the defendants, administrators, for the purpose of compelling them to properly apply the surplus in their hands toward payment of rent. So far as the administrators are concerned, the money does not belong to them, or to the next of kin on distribution. It may be possible that such sum, so in the hands of the administrators is subject to administration by them and, in default of sufficient personal property, might, in certain events, be applied to the payment of debts and funeral expenses. The administrators, however, should take advantage of these facts by answer, and if it is the claim of the administrators that the heirs lay claim to the rent, the administrators should seek to bring the heirs in as parties in order that they may be bound by the judgment in this action. As the case stands, however, the administrators cannot take advantage of the fact that there is no specific allegation contained in the complaint to the effect that the plaintiff has paid the last two months' rent to the heirs. That concerns the heirs at law and not the

administrators, and the heirs are not parties. The complaint alleges that money representing one month's rent has been applied by the administrators, presumably by payment to the heirs. It is clear that as against the administrators the plaintiff is entitled to succeed.

Moreover, plaintiff is entitled to recover under his complaint the interest agreed to be paid by decedent upon the deposit at five per cent per annum payable annually on December fifteenth in each year of said term, and all of which interest, with the exception of the interest for two years of said period, remains in arrears and unpaid. The demurrer admits the obligation to pay such interest and as to that the complaint states a good cause of action, and this being so the demurrer was properly overruled.

The awarding of ten dollars costs on granting plaintiff's motion was not, I think, contrary to the provisions of sections 1835 and 1836 of the Code of Civil Procedure. Those sections seem to apply to the award of costs in a final judgment in an action, and do not relate to the award of interlocutory motion costs.

The defendants have stipulated that upon affirmance of the order appealed from herein, judgment absolute may be rendered against them.

The determination appealed from should be affirmed, and judgment in favor of plaintiff and against defendants should be directed in accordance with the order of the City Court.

Determination of the Appellate Term and order of the City Court reversed, with ten dollars cost and disbursements in this court and in the Appellate Term, and plaintiff's motion denied, with ten dollars costs.