Rybre Realty Co., Inc., Plaintiff, Respondent, *v.* Alexander Wolff et al., Defendants, Appellants.

Supreme Court, Appellate Term, First Department, March, 1924.

**Landlord and tenant — deposit by tenant as security for rent — covenant of lease for return of deposit not binding on assignee.**

A covenant in a lease providing for the return of the amount deposited by tenant as security does not run with the land and is not binding on an assignee. Accordingly, no liability is imposed on the plaintiff for the return of the deposit in an action for the rent due where it appears that the plaintiff took the lease by assignment.

Appeal by defendants from a judgment of the Municipal Court of the city of New York, borough of Manhattan, ninth district, entered upon an order granting a motion for summary judgment and also from said order.

*Charles Marks,* for appellants.

*Benjamin Berger,* for respondent.

*Per Curiam.* Defendants were sub-lessees of Ryweck and Breger. They deposited $450 as security. Ryweck and Breger were adjudicated bankrupt and the lease to them was sold under order of the bankruptcy court and subsequently resold to plaintiff. Plaintiff sues for rent, which is admittedly due. Defendants counterclaim for the deposit. Defendants appeal from summary judgment which has been ordered for plaintiff.

The covenant to return the deposit does not run with the land and is not binding on the assignee. *Fallert Brewing Co.* v. *Blass,* 119 App. Div. 53.

The circumstance that Ryweck and Breger own all or part of the stock of plaintiff imposes no liability on plaintiff.

Judgment and order affirmed, with ten dollars costs.

All concur; present, GUY, BURR and PROSKAUER, JJ.

Judgment and order affirmed.