REBECCA COYNE, Plaintiff, *v.* THE HERMITAGE COMPANY, TREBUHS REALTY CO., INC., and 3 TO 7 WEST SIXTY-FIRST STREET AND 4 TO 8 WEST SIXTY-SECOND STREET CORP., Defendants.

Supreme Court, Special Term, New York County, October 19, 1937.

*Meyer D. Siegel,* for the plaintiff.

*William Klein,* for the defendants.

McLAUGHLIN (CHARLES B.), J. This is a motion to dismiss the complaint under rule 106 of the Rules of Civil Practice. The complaint states two alleged causes of action, one for the amount of a deposit under a lease and the other for interest. The lease in

question was not made with the moving defendants but with Hermitage Company on March 17, 1924, the term commencing on August 1, 1924, and ending October 1, 1945. The tenant in that lease was one Joseph Levine, the plaintiff's assignor. He deposited $30,000, and in December, 1924, the Hermitage Company re-entered the premises by a warrant evicting said Levine after a final order in summary proceedings. The Hermitage Company commenced an action in March, 1926, against Levine to recover damages suffered through the deficiency of rents up to the commencement of the action. It credited Levine with the amount of the deposit. The Court of Appeals held that the action was premature.

On May 31, 1929, the Hermitage Company deeded the property to the defendant Trebuhs Realty Co., Inc. The latter deeded the property to the other defendant on February 18, 1935.

The plaintiff insists that these last two corporations are liable for the deposit because they took title when the lease was still a matter of record. Paragraphs 3 and 4 as well as paragraph 9 allege that the purchase was in each case subject to the terms and conditions of the lease. The plaintiff urges that the terms of the lease show that the tenant's liability survives the issuance of a warrant and the re-entry of the landlord. She argues that because of this clause in the lease still of record, and the fact that the case of *Hermitage Co.* v. *Levine* (248 N. Y. 333) shows that the landlord elected to let the lease continue in full force and effect, the defendants are liable. As this court reads the opinion in that case, the decision is that the lease as a covenant to pay rent monthly in advance did not survive. The court held that after the issuance of the warrant the action is for damages, but it is premature until the expiration of the lease because the tenant is entitled to all credits for rents received from subsequent tenants during the stated term of the lease. This court, therefore, holds that as an instrument giving the tenant an interest in land, it is at an end. As a matter of law, there was no subjection of either moving defendants' interest in the property to any present right of the plaintiff or her assignor.

There is authority to the effect that a deposit is personal and does not run with the land. (*Fallert Brewing Co., Ltd.,* v. *Blass,* 119 App. Div. 53, 54, 55.) The argument is made that this decision was made prior to the enactment of section 1302-a of the Penal Law. Even so, as the court reads this section, the moving defendants would still not be liable for the deposit unless they actually received the money or actually covenanted to pay it.

Motion is granted, with leave to plead over within ten days after service of notice of entry of the order to be entered hereon. Settle order.