DONALD S. WALKER, as Trustee, Plaintiff, *v.* 18th STREET HOLD-
ING CORPORATION, Defendant.

First Department, November 26, 1943.

*Arthur Y. Dalziel* for plaintiff.

*Nathan Dinkes* for defendant.

CALLAHAN, J. The problem presented on this submission of controversy concerns the construction of a certain sublease, and the rights and obligations of the plaintiff and defendant thereunder as successors, respectively, to the original landlord and tenant.

It appears that by an agreement dated March 30, 1923, Donald S. Walker and another, as trustees under the will of John U. Brookman, deceased, as landlords, leased to one Ida Kinsey, as tenant, certain vacant property in the city of New York for twenty-one years from July 1, 1923, at a graduated rental commencing at $6,000 per annum. Ida Kinsey erected a garage on the property, and subleased the premises to W. & L. Auto Garage

Co., Inc., at an annual rent of $16,400. The fifteenth clause of that sublease contained the following provisions: " 15th. The tenant agrees to deposit as security with the landlord herein the sum of $3,500 on the signing of this lease, and the sum of $3,500 when certificate of occupancy is issued, which said sum of $7,000 shall be held by the landlord as security for the full and faithful performance by the tenant of all the terms and conditions of this lease upon its part to be performed, which said sum shall be applied by the tenant as hereinafter provided, provided the tenant has fully and faithfully carried out all of the terms, covenants and conditions on its part to be performed. Said security to bear interest at 3% per annum, to be deducted from the last year's rent hereunder. Said security to be applied to payment of last 12 months rent in monthly installments."

After the whole of the security had been paid to Kinsey by W. & L. Auto Garage Co., Inc., the latter assigned the sublease to another. Subsequently, by mesne assignments, the tenant's estate, as well as its interest in the security, was transferred to defendant, 18th Street Holding Corporation. Ever since 1931 defendant has been in possession as tenant under said sublease.

On May 12, 1933, by an instrument in writing, the tenant, Kinsey, surrendered her main lease to Donald S. Walker, as surviving trustee of the Brookman estate. That surrender was expressly made subject to the sublease referred to above. At the same time Kinsey assigned to Walker, as such trustee, all her rights as landlord under the sublease. This assignment provided that it was subject to the covenants and provisions contained in the sublease. However, Kinsey did not turn over to her assignee the security deposited with her, nor did she return same to her tenant, nor give the notice required to be given by her under section 1302-a of the Penal Law.

The fee of the premises was thereafter conveyed by Walker, as trustee of the Brookman estate, to Brookman Realty, Inc., a domestic corporation, which, in turn, conveyed same to plaintiff, who is now the owner of the leased premises.

The submission does not identify the estate of which plaintiff is presently acting as trustee. He is merely named in the title of the submission as " Trustee under Agreement dated December 18th, 1942." We do not have the provisions of that agreement before us. The submission does state, however, that plaintiff is the successor to the trustee of the Brookman estate, and to Brookman Realty, Inc., as former owners of the leased premises.

It is further stipulated that at various times during the term of the sublease involved, the rent reserved was reduced below $16,400 per annum for stated periods. The last reduction was from January 1, 1938, to June 30, 1943, the sum fixed being $10,000 per year, or $833.33 a month. Each month during that period plaintiff, or his predecessors, as landlords, accepted $833.33 per month from defendant, as tenant, after rendering bills which stated: "The acceptance by Brookman Realty, Inc. of $...... for such month shall not be construed to waive or modify the lease. For any future month during the tenant's occupancy, irrespective of the acceptance of less than the rate stipulated in the lease for the preceding month, the landlord shall have the right to collect the rent stipulated in the lease, and upon any default in its payment, the landlord shall have the right to take such steps, actions or proceedings as the lease or the law permit."

On July 1, 1943, plaintiff sent a bill for $833.33 to the tenant containing the foregoing stipulation. Defendant in response, tendered the sum of $433.33, claiming that for the last year of the lease it had the right to apply against the monthly installments of the $16,400 rent reserved in the lease, one twelfth of $11,200, which latter sum represented the $7,000 security, plus accumulated interest thereon at three per cent per annum. The difference between the sums mentioned amounted to $5,200 per annum, or $433.33 a month.

Plaintiff asks judgment under the lease for the $833.33 for which it billed the defendant for the month of July, 1943. He thereby seeks an adjudication that the security deposited need not be credited against the last twelve months' rent. His position is that the covenant concerning the security was a personal covenant and did not run with the land. He asserts that the obligation to pay rent, and that created by paragraph "15th" of the lease concerning the security are separate and distinct obligations. Plaintiff further contends that without an actual assignment of the security to plaintiff, and a specific assumption by him of the covenant concerning same, he was under no obligation with respect thereto.

Defendant contends that plaintiff stands in the shoes of, and is bound by the provisions contained in, the assignment of May 12, 1933, from Kinsey to Walker, as trustee of the Brookman estate, which assignment was expressly made subject to the covenants, conditions and provisions of the assigned lease.

Irrespective of the effect of the assignment, the defendant is a tenant in possession under a lease, the terms of which were

known to plaintiff. The latter, therefore, took the property subject to that lease and to the tenant's rights thereunder. (*Phelan* v. *Brady*, 119 N. Y. 587.)

The "15th" clause of the lease does not contain any express covenant for the repayment of the deposit even by the original landlord, Kinsey, and thus we are not concerned with any question as to whether plaintiff is bound to comply with any personal covenant to repay. The "15th" clause provides that the $7,000 and interest will be applied by the tenant to the payment of the last twelve months' rent in monthly installments, provided the tenant has previously performed all of the other terms and conditions on its part to be performed.

The parties have stipulated that, except for the failure to pay the full sum of $16,400 per annum, all of the tenants during their occupancy fully complied with the terms and conditions of the lease.

As we read the "15th" clause, it says, in effect, that the difference between the rent reserved and a sum measured by one twelfth of the security, plus interest, will be the rent for each month during the last year of the term. There was to be no obligation on the part of the tenant to make any further payment if it kept its other agreements. In other words, its rent was the difference between the full rent and the deposit, on the performance of the other conditions.

A clause of the present nature is not controlled by the rule that a covenant to return a deposit does not run with the land. This was indicated by our decision in *Shenk* v. *Brewster* (189 App. Div. 608). That was an action to recover a deposit under a lease, brought by a tenant against the administrators of his landlord who had died during the term. The clause involved therein contained the usual provision that it was to secure the payment of rent, as well as performance by the tenant of all other terms and conditions of the agreement. It provided that in case the tenant performed the conditions on his part, the landlord would apply the deposit on account of the rent for the last two months of the term. The complaint alleged that the tenant had kept his agreement, but that only one half of the deposit had been applied in payment of the rent by the landlord. Plaintiff, having paid the full rent, sued to recover one half thereof. In the opinion of the court it is said (p. 610): "On the death of the intestate the lease did not terminate. His heirs succeeded to his rights and to the right to the possession and retention of the money for the purposes for which it was deposited and it was their duty as between them and the

plaintiff to apply the money so deposited to the payment of the rent as provided in the lease. There was no obligation on the part of the plaintiff, provided he kept and performed his obligations under the lease as he alleges, to make any further payment on account of the rent for the last two months of the period as between him and the intestate and the heirs of the intestate.''

The rule thus enunciated appears to be that a clause in a lease providing that a deposit is to be applied by the landlord to payment of rent during the last months of the term is one that effects payment of the rent without further action by the tenant, provided the tenant has kept the other agreements by him to be performed. It is to be noted that in the case cited the landlord's heirs, who succeeded to the ownership of the leased land by operation of law, were held bound by the provisions in the lease concerning the application of security towards the rent, though they did not have the deposit, which, as personalty, was in the hands of the administrators.

The '' 15th '' clause of the present lease is even more favorable to the tenant's position than that in the *Shenk* case, for here the tenant and not the landlord had the right to apply the deposit to the rent. There is no provision that the security must be transferred to any successor in interest of the landlord in order to have the right of application available. The right was an unqualified one, and thus was tantamount to an acknowledgment of prepayment of the rent, if the conditions for which the security was deposited had been fulfilled.

The situation presented here is analogous to that in *Eagle Improvement Co.* v. *Wagner* (91 Misc. 38, Appellate Term, First Department). There a subtenant sold merchandise to his landlord, the main tenant, under an agreement which provided for the application of rent in payment for the merchandise. By mesne assignments the sublease was assigned to the owner of the premises, who then commenced an action for the rent reserved. The court said (p. 40) : '' By virtue of the assignment the plaintiff took only such rent as was then due to the assignor or should thereafter become due. If the evidence warranted the conclusion that Liebling's agreement gave to the defendant the right to appropriate so much of the January rent as was necessary to satisfy his debt, only the balance of that rent would have passed to the assigns.''

The circumstance that upon certain occasions during the term the tenant had paid less than the rent reserved does not aid plaintiff. The clause set forth in the bill rendered by plaintiff

in connection with the acceptance of the lesser sums merely gave the landlord the continuing right to collect the rent stipulated in the lease. Plaintiff appears to make no claim that because of the form of these bills he has any right to recover earlier balances, or that there was a breach of covenant by the tenant in making reduced payments which deprived the tenant of the right to apply the security. Undoubtedly plaintiff recognizes the force of the rule laid down in *McKenzie* v. *Harrison* (120 N. Y. 260). to the effect that, insofar as executed, agreements for the acceptance of a reduced rent are enforcible. He does not assert that the statement in the bills rendered makes the rule of the *McKenzie* case (*supra*) inapplicable. In any event, plaintiff is seeking merely to recover rent for the first month of the last year of the term.

We deem that the defendant has fully complied with the provisions of the lease in tendering $433.33, and that, therefore, defendant is entitled to judgment, without costs.

Townley, Glennon, Dore and Cohn, JJ., concur.

Judgment unanimously directed in favor of the defendant, without costs. Settle order on notice.