EDROAN REALTY CORPORATION, Landlord, *v.* BARNEY L. BARNETT et al., Copartners Doing Business under the Name of AMERICAN SURPLUS TRADING Co., Tenants.

Municipal Court of the City of New York, Borough of Manhattan, August 15, 1950.

*Daniel E. Walzer* and *Lazar E. Levinthal* for landlord.

*Herman Katz* for tenants.

LUPIANO, J. This is the trial of a summary proceeding brought by the landlord against statutory tenants, as a hold-over, upon the ground that the tenants have violated a substantial covenant of the lease under Business Rent Law (L. 1945, ch. 314, § 8, as amd.).

This violation arises out of the contention of the landlord that the tenants should, pursuant to landlord's demand, maintain a deposit of $2,500 as security for the full and faithful performance by the tenants of all the terms, covenants and conditions of the lease upon tenants' part to be performed while they are statutory tenants.

The landlord rented the store to the tenants for business purposes by a lease in writing, dated April 30, 1947, for a term to commence from May 1, 1947, and to end April 30, 1950. The annual rental was graduated so that tenants had to pay $450 a month for the first year, $500 a month for the second year, and $550 a month for the third year of the term.

The lease contained the following provisions:

" 15th. The tenant has this day deposited with the landlord the sum of $2,500 as security for the full and faithful performance by the tenant of all the terms, covenants and conditions of this lease upon the tenant's part to be performed which sum shall be returned to the tenant after the time fixed as the expiration of the term herein, provided the tenant has fully and faithfully carried out all of said terms, covenants and conditions on tenant's part to be performed. * * *

" 32nd. Notwithstanding the foregoing, the landlord shall apply the amount of $2,200 of the security deposit hereinbefore mentioned, to the payment of the rent for the last four (4) months of the term herein demised. The landlord shall pay two per cent (2%) per annum interest upon the sums held as deposit for the first two (2) years of the demised term."

The 15th clause is part of a printed form of lease with the exception that the figures " 2,500 " have been inserted in typewriting. The 32nd clause of the lease, added as a rider in typewriting to the printed lease, modifies and controls all the other covenants in the lease, including the 15th clause, quoted above.

As the tenants are in actual possession of the premises as statutory tenants, the court must bear in mind the definition of a statutory tenant and the rights and obligations of the landlord and the tenant as laid down by the Court of Appeals in the case of *Stern* v. *Equitable Trust Co. of New York* (238 N. Y. 267, 270) where Judge POUND says: " The tenant does not by remaining in possession tender an option to the landlord to put him out as a trespasser; neither does he tender an option to allow him to remain as a tenant for any renewed or definite term. The tenant does not offer to remain in possession of the premises. He insists upon doing so. The landlord does not accept his proposition. The law forces it upon him. The tenant does not offer any proposition to the landlord upon which the conventional relation of landlord and tenant, as to the length of term and amount of rent, based upon an offer and acceptance, can be inferred. To this extent the landlord is optionless and the tenant stands on his statutory rights which become the measure of his term and of his liability."

It is established law that the pertinent covenants, terms and conditions of the lease, so far as applicable, are projected into the terms governing the statutory relationship between the landlord and the tenants.

The difficulty with the position taken by the landlord in the proceeding now before the court is that it completely avoids the specific provisions of the written lease that the landlord was required to use and apply $2,200 of the security deposit to the payment of rent for the last four months of the demised term, with the factual result that the landlord, on the last day of the term of the written lease, had in its possession the sum of $300 balance of the deposit, plus the interest on the sum of $2,500 for the first two years of the demised term.

The clauses of the lease, read as a whole, make it certain that the deposit was not to be retained as a penalty or that the tenant intended to make an investment. The 32nd clause allocates $2,200 of the deposit for a definite purpose to pay rent, as rent, for fixed and definite months during the term as set forth in the lease.

In this connection the Appellate Division has held in the case of *Fields Holding Co.* v. *Chanbrook Realty Co.* (246 App. Div. 241) that the relation in which the security is to be held is a matter of agreement between the parties. The intent of the parties must govern and it is to be gathered from the language used, the surrounding circumstances, the situation of the

parties, and the subject matter of the contract viewed in the light of the evidence and the provisions of the Business Rent Law.

The lease now before the court was made while the emergency rent law was in force, so that the landlord, in contemplation of the possibility, even amounting to a probability, that the tenants would become statutory tenants upon the termination of the term provided in the written lease, should have provided against the possibility or need for a deposit after the exhaustion of the $2,500 deposit to the extent of the $2,200 by the direct user and application of the latter sum in accordance with the provisions of the 32nd clause of the lease to pay and as payment of rent for the last four months of the demised term.

The 32nd clause in the lease providing that the deposit is to be applied by the landlord to the payment of rent during the last four months is one that affects payment of rent without further action by the tenants, provided the tenants have kept the other agreements to be performed by them. (*Walker* v. *18th St. Holding Corp.*, 267 App. Div. 141.)

The landlord produced no evidence to show that the tenants had not kept the other terms, covenants and conditions of the written lease. It rested its case upon the question that the tenants had violated a substantial obligation of their lease, rental agreement or tenancy, other than an obligation to pay rent, in that the tenants had failed to comply with the written demand of the landlord on May 1, 1950, to turn over to it the sum of $2,200 to make up and make good the alleged shortage of the deposit which had been allocated for and used up under the provisions of the 32nd clause of the lease to pay the rent for the last four months of the term of the written lease.

There was no obligation on the part of the tenants to make any further payment on account of the rent for the last four months of the written lease before the court. (*Shenk* v. *Brewster*, 189 App. Div. 608.)

The landlord asks this court to make a new lease, or to fix the terms of the statutory tenancy in violation of the emergency rent law, and contrary to the specific provisions of the written lease. The court has no power to make a new lease for the parties. If the court projects any covenants into the statutory tenancy it must project the whole covenant, that is the 15th and 32nd clauses of the written lease.

Under the decisions and the law the statutory tenants do not remain as tenants for any renewed or definite term. They have

the right to quit possession of the demised premises at any time provided they pay the monthly rent, in advance, on the first day of each month while they retain possession of the store as statutory tenants.

The court, under the statute, cannot require the tenants to replenish, to the extent of $2,200, the moneys which had been allocated by the parties to and used up for the payment of the rent for the last four months of the term in conformity with the specific terms of the lease. Should the court hold that it had such power, how would the court provide that this replenished security should apply to the "last four months of the term herein demised" when in law there is no such term and none exists or can be created under a statutory tenancy? How can the court provide that the landlord must pay interest upon this replenished amount at the rate of two per cent for the first two years of the term when there is no term?

The court has no power under the law or the decisions to force upon the tenants or compel them to make an investment of $2,200 against their will. Upon the facts in this case the court is bound to measure the conditions and the covenants projected into the statutory tenancy as of and from the date of the expiration of the written lease, April 30, 1950, rather than measure the conditions and obligations as of April 30, 1947, when the lease had three years to run.

Upon the facts and the law the court finds the tenants have not violated a substantial obligation of their lease, rental agreement or tenancy.

The question of the rent legally due from or to be paid by the tenants for the use of the premises under their statutory tenancy is not properly before the court in this case, and is not passed upon.

The petition of the landlord is dismissed upon the merits and final order is directed to be entered in favor of the tenants.