Aaron COHEN, Appellant,

v.

SYLVAN LAWRENCE COMPANY, Ltd., a corporation, trading as The Roosevelt Hotel, Appellee.

No. 2660.

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 21, 1960.

Decided Jan. 11, 1961.

Edward A. Dragon, Washington, D. C., with whom Maurice J. Crane, Washington, D. C., was on the brief, for appellant.

Leonard W. Burka, Washington, D. C., with whom J. E. Bindeman, Washington, D. C., was on the brief, for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

CAYTON, Acting Judge.

This was a suit against Aaron Cohen for two months' rent on a valet shop in a hotel. The defense was that the money had been paid to his lessor, Hotel Roosevelt, in the form of a security deposit at the time the lease was signed in 1957. At the trial it developed that the owners of the land had in February 1958, obtained a default judgment for possession against Cohen's lessor and that the owners had later leased the premises to new operators from whom Sylvan Lawrence Company, the plaintiff in this case, acquired the right to operate the hotel business.

When Cohen's term was almost over he gave notice that he would vacate and asked that he be credited with the amount of his original deposit. This was refused and it was admitted that Cohen did not pay rent for the last two months of his occupancy. In finding for plaintiff the trial court ruled that Cohen's sublease terminated when the original lease to his lessor did,[1] and that he thereupon became a tenant at sufferance. Cohen continued in possession and paid

1. Citing National Shawmut Bank of Boston v. Correale Mining Corp., D.C.S.D. W.Va., 140 F.Supp. 180; Williard v. Campbell, 91 Mont. 493, 11 P.2d 782; Miles v. Kilgore, La.App., 191 So. 556; 51 C.J.S. Landlord and Tenant § 48; 1 Tiffany, Real Property, § 153.

rent to subsequent head tenants. There was no evidence that the deposit was ever transferred to such head tenants or to the owners of the premises; nor was there evidence of any agreement that the deposit was to be so transferred; nor was there any accounting between the original lessees or subsequent tenants as to the deposit. It was never paid over to the plaintiff in this case.

Whether it is called a debtor-creditor or pledgor-pledgee relationship, it is generally understood that the giving of a security deposit by a lessee creates a collateral personal obligation on the part of the lessor.[2] And in the absence of express agreement or special circumstances it does not operate to bind lessor's transferees or assignees.

Where the sum deposited is to be applied without qualification to the payment of rent at the end of the term, as appellant would have us construe it here, some authorities hold the situation is then not controlled by the rule that a covenant to account for or return such a deposit does not run with the land.[3] Such holdings have been made in cases where succession to the lessor's rights have been accomplished by purchase,[4] by conveyance of real estate along with assignment of a lease,[5] or when the original lessor has died and his heirs succeed to his ownership and are charged with his obligations.[6]

In those cases it was the connection between the lessor and his successor, whether contractual or by operation of law, that established or preserved lessee's protection in the matter of the deposit. There is no such link or contractual continuity in this case. Appellee did not come into possession of the hotel by succession, transfer or assignment from the former operator from whom appellant had obtained his sublease. That sublease, as we

have indicated, was extinguished by the judgment for possession obtained against the original lessor. Appellee's possession in no way derived from the former management of the hotel but was under a new and original agreement with the owners of the property.

We agree that the payment of advance rent will in some situations give rise to something more than a personal obligation to credit it. But the obligation to account for such funds may not be enforced against a party who never received the money (or its equivalent) and who is in no fashion the successor in interest of the original obligor.

Affirmed.

---

2. 52 C.J.S. Landlord and Tenant § 472b.

3. 52 C.J.S., supra, § 473d.

4. Four-G Corp. v. Ruta, 25 N.J. 503, 138 A.2d 18.

5. Walker v. 18th Street Holding Corp., 267 App.Div. 141, 44 N.Y.S.2d 866. See also In re Smith, 2 Cir., 263 F.2d 153.

6. Shenk v. Brewster, 189 App.Div. 608, 179 N.Y.S. 147.