### Vail and Vail *vs.* Foster et al.

A creditor is in equity entitled to the benefit of any collateral securities which the debtor has given to the surety, or person standing in the situation of a surety.

Collateral securities taken by a surety for his indemnity, are regarded as trusts for the better security of the debt, and courts of equity will compel the execution of the trust.

Where a purchaser of land procured a third person to give his note for the consideration money, and to indemnify the maker executed to him his bond and mortgage on the premises, and before the note became due the maker failed, *held*, that the vendor of the land was entitled to the benefit of the bond and mortgage.

And *held further*, that the equitable right of the vendor to the benefit of the bond and mortgage, was good against the lien of a judgment creditor's bill, filed against the mortgagee.

Taking the note of a third person for an existing debt is not a satisfaction, unless the creditor agrees to take it in payment.

When a vendor of lands takes the security of a third person for the purchase money, he has no equitable lien on the land.

The plaintiffs, in 1840, sold certain lands in Stanford, Dutchess county, to Morgan, one of the defendants, for $525, of which $200 was paid down. Before the deed was executed it was agreed that the plaintiffs should take the note of Flagler, another of the defendants, for the residue of the purchase money, payable in a year, and that Morgan should give to Flagler his bond secured by his mortgage on the premises for the same sum, payable at the same time, as an indemnity against the note. The arrangement was carried into effect. The plaintiffs conveyed the land to Morgan taking no security for the residue of the purchase money except the note of Flagler.

In the autumn of 1840 Flagler became insolvent, and [313] when the note fell due the plaintiffs sued him thereon, obtained judgment, issued execution, and had it returned *nulla bona.* Then, in January, 1842, they filed the bill in this cause, claiming to be entitled to the bond and mortgage given by Morgan to Flagler, and to enforce them for the payment of their debt. The defendants, Foster, Vincent & Co., set up a right to the bond and mortgage as creditors of Flagler, having filed a judgment creditor's bill against him in September, 1841.

The cause was originally heard on pleadings and proofs before the vice chancellor of the second circuit, who dismissed the bill. The supreme court in the second district, on appeal, reversed his decree and directed an assignment of the bond and mortgage to the plaintiffs and a foreclosure for their benefit. Foster, Vincent & Co. appealed to this court.

*Varick & Eldridge*, for appellants.

*W. J. Street*, for respondents.

BRONSON, Ch. J. The case is shortly this. The plaintiffs sold land to Morgan, who, instead of giving his bond and mortgage to the plaintiffs to secure the purchase money, got Flagler to give his note to the plaintiffs for the amount, payable in one year ; and Morgan gave a bond and mortgage to Flagler for his indemnity, for the same amount, and payable at the same time with the note. Before the credit expired Flagler became insolvent; and the plaintiffs seek relief, either on the ground of an equitable lien on the land for the purchase money, or by reaching the mortgage to Flagler, and having it foreclosed for the payment of the debt.

By taking the security of a third person for the purchase money the plaintiffs have lost their equitable lien on the land, and can not have relief in that form, as has been very clearly shown by the vice chancellor in his opinion. And I agree in most that he has said upon the whole case. But there is one point on which I think the supreme court was right in reversing

[314] the vice chancellor's decree, and directing a foreclosure of the mortgage for the benefit of the plaintiffs.

It is a settled rule in equity, that the creditor shall have the benefit of any counter bonds or collateral securities which the principal debtor has given to the surety, or person standing in the situation of a surety, for his indemnity. Such securities are regarded as trusts for the better security of the debt, and chancery will compel the execution of the trusts for the benefit of the creditor. (*Maure* v. *Harrison,* 1 *Eq. Cas. Ab.* 93, *K.* 5; *Curtis* v. *Tyler,* 9 *Paige,* 432; *Wright* v. *Morley,* 11 *Ves.* 22; *Bank of Auburn* v. *Throop,* 18 *John.* 505; 4 *Kent,* 307, *6th ed.;* 1 *Story's Eq.* §§ 502, 638.) This principle covers the case; and the plaintiffs are entitled to the mortgage which Morgan, the principal debtor, gave to Flagler, the surety, for his indemnity.

But it is said that Morgan is not a debtor to the plaintiffs, and consequently that the relation of principal and surety does not exist between him and Flagler. It is true that Morgan did not unite with Flagler in making the note, nor did he come under any other express obligation to the plaintiffs. But he was originally a debtor to the plaintiffs for the price of the land; and although the plaintiffs afterwards took the note of Flagler in lieu of the bond and mortgage of Morgan, they took it as a security only for the purchase money, without agreeing to receive it in satisfaction of the debt. Taking the note of a third person for an existing debt is not payment, unless the creditor agrees to receive it in payment; and I find no such agreement in this case. Morgan is still liable to the plaintiffs for the purchase money, and must of course be regarded as the principal debtor; for it is entirely clear, upon the pleadings and proofs, that Flagler gave the note at the request, and as the surety of Morgan, without having any personal interest in the matter. We have then the ordinary case of creditor, principal and surety, to which the rule in question has been applied; and the mortgage which the principal debtor has given to the surety must be considered as a trust for the better security of the debt, which a court of equity will enforce for the benefit of the creditor.

[315] Foster & Co. under their creditor's bill, took the effects

of Flagler subject to this equity; and there is no bona fide purchaser in the case.

I am of opinion that the decree of the supreme court is right, and should be affirmed.

Decree affirmed.