The Merchants and Manufacturers' National Bank of Middletown, N. Y., Respondent, *v.* Ira T. Cummings, Appellant, Impleaded with Another.

*Collateral securities given to a surety — enforcible by the creditor.*

It is a settled rule in equity that the creditor shall have the benefit of any counter bonds or collateral securities which the principal debtor has given to the surety or persons standing in the situation of surety for his indemnity. Such securities are regarded as a trust fund for the better securing of the debt, and the execution of such trust will be compelled for the benefit of the creditor.

Joseph Cummings made his note for $2,000 to the order of John L. Cummings, which the latter indorsed for the accommodation of the maker, and the note was discounted by the Merchants and Manufacturers' Bank. As security for such indorsement Joseph Cummings made a second note to John L. Cummings for the same sum and payable at the same date, which note, before delivery, was indorsed by Ira T. Cummings for the purpose of securing the first-named indorser. John L. Cummings assigned this latter note to the bank which, upon default in the payment of the first note, brought an action thereon which was defended by Ira T. Cummings. On the back of the second note was written at the time of its delivery the words : '' This note is given to and to be held by John L. Cummings as collateral security for his indorsement on my note, same tenor, date and amount, favor of said John L. Cummings * * * to be by him indorsed and delivered to the Merchants and Manu- facturers' National Bank of Middletown, * * * (signed) Joseph Cummings.''

It was conceded that although John L. Cummings was the payee and Ira T. Cummings the indorser of the note in suit, that by the original agreement between the parties Ira T. Cummings was liable as indorser to the payee.

Recovery was resisted on the ground that the payee, having paid nothing on account of the original note, no liability had accrued on the collateral note in suit.

*Held,* that the plaintiff could compel John L. Cummings to assign the note in suit to him and could enforce its payment, and that the judgment rendered thereon in its favor should be affirmed.

APPEAL by the defendant, Ira T. Cummings, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Orange on the 26th day of December, 1893, upon the decision of the court rendered after a trial at the Orange Special Term.

*Geo. II. Decker*, for the appellant.

*Daniel Finn*, for the respondent.

CULLEN, J.:

This is an appeal from a judgment in favor of the plaintiff, entered on the decision of the Special Term before which this cause was tried without a jury.

One Joseph Cummings made his note for $2,000 to the order of John L. Cummings, which the latter indorsed for the accommodation of the maker. The note was discounted by the plaintiff. As security for such indorsement Joseph Cummings made a second note to John L. Cummings for the same sum and payable at the same date which note before delivery was indorsed by the defendant

Ira T. Cummings for the like purpose of securing the first-named indorser. John L. Cummings assigned this latter note to the plaintiff who upon default in the payment of the first note brought this suit. Ira T. Cummings, the indorser, alone defends.

On the back of the second note was written at the time of its delivery this statement: "This note is given to and to be held by John L. Cummings as collateral security for his indorsement on my note, same tenor, date and amount, favor of said John L. Cummings,   *   *   *   to be by him indorsed and delivered to the Merchants and Manufacturers' National Bank of Middletown  *  *  * (signed) Joseph Cummings."

It is conceded that though John L. Cummings is the payee, and the defendant the indorser on the note in suit, still, by the original agreement between the parties, the defendant is liable as indorser to the payee. The recovery is resisted upon the ground that the payee has paid nothing on account of the original note, and that, therefore, no liability has accrued on the collateral note. We do not think it worth while to follow the elaborate discussions in the briefs of counsel as to the character of the note in suit as affected by the written statement on its back. We may admit that the note could not have been disposed of by the payee either before or after maturity, so as to constitute any obligation against the parties to it separate from the debt created by the original note discounted by the plaintiff. Still, we think the plaintiff was entitled to recover on it. John L. Cummings, the accommodation indorser, was in the nature of a surety on the debt of the plaintiff. The note in suit was a security to the surety. "It is a settled rule in equity that the creditor shall have the benefit of any counter bonds or collateral securities which the principal debtor has given to the surety or persons standing in the situation of surety for his indemnity. Such securities are regarded as trusts for the better security of the debt, and Chancery will compel the execution of the trusts for the benefit of the creditor." (*Vail* v. *Foster*, 4 N. Y. 312.)

It is not necessary that the surety shall have paid anything on account of his liability as such to give the creditor the right to enforce the collateral obligations. In fact, if the creditor could collect his claim directly from the surety, ordinarily he would have little need to seek these collateral securities. In *Vail* v. *Foster*

(*supra*) the principal debtor gave his surety a bond and mortgage as security. The surety paid nothing on the principal debt, and became insolvent. The creditor was held entitled to foreclose the mortgage for the payment of his claim. The case of *Crosby* v. *Crafts* (5 Hun, 327 ; affd., 69 N. Y. 607) is still stronger. The debtor confessed judgment in favor of the surety for the amount of the debt. It was assumed that the estate of the surety was discharged from any liability by his decease, yet it was held that the judgment still remained a valid lien as security for the benefit of the creditor. It follows that the plaintiff could compel John L. Cummings to assign the note in suit to him and could enforce its payment.

The judgment appealed from should be affirmed, with costs.

DYKMAN, J., concurred ; BROWN, P. J., not sitting.

Judgment affirmed, with costs.