MAURO v. ALVINO et al.

(Supreme Court, Appellate Term, First Department.  May 5, 1915.)

1. LANDLORD AND TENANT ⊚⇒184 — DEPOSITS AS SECURITY — RIGHTS OF GRANTEE.

Where a lessee made a deposit with the lessor for the faithful performance of the lease, to be returned at the expiration of the term, the lessor's obligation to return the deposit did not run with the land, and a grantee of the land subject to the lease could not be held liable for its return.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 743–750; Dec. Dig. ⊚⇒184.]

2. LANDLORD AND TENANT ⊚⇒184 — DEPOSITS AS SECURITY — RIGHTS OF GRANTEE.

The covenant to return the deposit being personal the grantee could not compel the lessor to pay over the deposit to him.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 743–750; Dec. Dig. ⊚⇒184.]

3. LANDLORD AND TENANT ⊚⇒184 — DEPOSITS AS SECURITY — RIGHTS OF GRANTEE.

Where a lessor, with whom the lessee had made a deposit to secure performance of a lease and to be returned at the expiration of the term, conveyed the land subject to the lease, though the grantee was not entitled to possession of the deposit, and though the lessor had parted with all the benefits of the lease, the lessee was not entitled to the return of the deposit, the term not having expired, since the grantee was entitled to the benefit of the security so far as the circumstances would permit, and the lessor and his grantee, acting together, were still in a position to obtain a benefit from the deposit, as the grantee might assign his claim for any breach by the lessee to the lessor, thus enabling him to counterclaim therefor in a suit to recover the deposit.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 743–750; Dec. Dig. ⊚⇒184.]

4. LANDLORD AND TENANT ⊚⇒184 — DEPOSITS AS SECURITY — RIGHTS OF GRANTEE.

Where a lessee made a deposit with the lessor, to secure the performance of the lease and to be returned at the expiration of the term, one to whom the lessor conveyed subject to the lease was entitled to the benefit of the security so far as the circumstances would permit.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 743–750; Dec. Dig. ⊚⇒184.]

Appeal from City Court of New York, Trial Term.

Action by Nicola Mauro against Pietro Alvino and another, as executors and trustees under the will of Rocco M. Marasco, deceased. From a judgment in favor of defendants, dismissing plaintiff's complaint, plaintiff appeals.  Affirmed.

Argued March term, 1915, before LEHMAN, HENDRICK, and COHALAN, JJ.

Alderman & Alderman (Israel J. P. Alderman and Abraham Finelite, of New York City, of counsel), for appellant.

Andrew S. Fraser, of New York City, for respondents.

LEHMAN, J.  The defendants' testator made a lease to the plaintiff.  The plaintiff deposited the sum of $500 with the testator for the

faithful performance of the lease, to be "returned at the *expiration of the term of this lease."* The defendants subsequently transferred the premises to a third party subject to the lease. The plaintiff thereupon brought this action for the return of the deposit, although the term of the lease has not yet expired.

[1-4] The obligation to return the deposit does not run with the land; consequently the grantee of the land subject to the lease cannot be held liable for its return. Fallert Brewing Co. v. Blass, 119 App. Div. 53, 103 N. Y. Supp. 865. The defendants are therefore the proper parties to this action. Inasmuch as the defendants' covenant to return the deposit is personal, the grantee of the land could certainly not compel him to pay over the deposit to him. On the other hand, the deposit is only security for the due performance of the covenants of the lease by the plaintiff. All of these covenants do run with the land, and consequently if, after the expiration of the lease the plaintiff should sue the defendants, the defendants could not counterclaim in their own right for such breach because by their assignment of the land the benefit of these covenants has been transferred. See Knutsen v. Cinque, 113 App. Div. 677, 99 N. Y. Supp. 911; Chaplin on Landlord and Tenant, § 338. In other words, the original landlord, by his assignment of the reversion without reserving the rents, has parted with all the benefits of the lease, though he remains under the obligation to repay the deposit, for this is a collateral covenant.

It does not, in my opinion, however, follow that at the present time he must return the deposit. While the privity of estate between the tenant and himself has ceased, the privity of contract still exists. The term of the lease has not expired, and the lease is in full existence, yet by the terms of the lease he has agreed to return the deposit only at the expiration of the lease, and that time has not yet arrived. All the cases cited show that, at the time when a recovery of such a deposit could be had, the lease itself was at an end by its own limitation, by summary proceedings, or by breach of the covenant of quiet enjoyment. Moreover, while the grantee cannot claim the deposit, because he is not under any obligation to return it, yet the tenant has expressly agreed that this deposit shall be held as security for the lease. The benefit of a covenant of a surety for the rent does run with the land. Allen v. Culver, 3 Denio, 284; Waterbury v. Graham, 6 N. Y. Super. Ct. 215. The grantee who takes subject to a lease should also on principle obtain the benefit of security deposited for the due performance of the lease. While he cannot compel his grantor to transfer the deposit to him, because the grantor is bound by his covenant with the lessee personally to return it to him at the expiration of the lease, yet so far as the circumstances permit he should receive the benefit of this security. If his grantor is permitted to hold the security exactly as the parties have themselves provided, then upon the expiration of the lease, while the grantor could not counterclaim in his own right for any damages which may have accrued by reason of any breach on the part of the tenants, yet the grantee in whom such right of action rests could assign his chose in action to his grantor, and the grantor could by virtue of such assignment set up the counterclaim. In other

words, not only has the time not yet arrived at which the landlord agreed to return the deposit, but the landlord and his grantee, acting together, are still in a position to obtain a benefit from holding the deposit in accordance with the terms upon which it was made.

Judgment should be affirmed, with costs.   All concur.

