WILLIAM M. HALSTEAD and ELIZABETH A. T. HALSTEAD, as Executrix, etc., of HENRY M. HALSTEAD, Deceased, Plaintiffs, *v.* GLOBE INDEMNITY COMPANY and Others, as Executors, etc., of ELBRIDGE T. GERRY, Deceased, Defendants.

Supreme Court, New York County, December 4, 1930.

718

*Wood, Cooke & Seitz* [*Howard O. Wood* and *Elliott W. Smith* of counsel], for the plaintiffs.

*Ireland, Caverly & Hendrickson* [*F. A. W. Ireland* of counsel], for the defendant Globe Indemnity Company.

*Nims & Verdi* [*Edward T. Pierce* of counsel], for the defendants Peter G. Gerry and Robert L. Gerry, as executors, etc.

FRANKENTHALER, J.   On December 1, 1920, plaintiff William M. Halstead and Henry M. Halstead, the testator of plaintiff Elizabeth A. T. Halstead, leased certain premises from Elbridge T. Gerry for a term commencing on May 1, 1921, and expiring on April 30, 1941.   The lease required the lessees to furnish a bond of the Globe Indemnity Company in the penal sum of $25,000 as security for the faithful performance of all the terms of the lease for the first five years, and as liquidated damages in the event of a default, upon condition that the lessor give the lessees and the Globe Indemnity Company at least thirty days' previous notice of such default and they fail to make it good within the thirty days. It was also provided that " if the lessor sells said property while such bond is in force, said bond shall be canceled, provided the lessees shall have faithfully performed all the covenants and conditions herein contained; " that bonds for additional periods of five years each, with like terms and conditions, were to be furnished for the remaining fifteen years of the lease if it continued to be in force; and that the lessees could substitute for the bond collateral of the market value of $25,000, to be returned " if the lessor sells

said property during the term * * * provided they [the lessees] have faithfully performed all the covenants and conditions herein contained." The lessees in 1926 furnished a bond of the defendant Globe Indemnity Company, wherein they became liable as principals and the latter as surety, and in order to obtain the bond they deposited certain securities with the surety. The lessor died on February 18, 1927, and the fee passed under his will to his four children. They and the wives of two of them joined in a conveyance, dated January 14, 1929, to The Gerry Estates, Inc., a New York corporation, which is now the owner of the property. Prior to the conveyance the taxes and rent had not been paid on their due dates, but the payments had, nevertheless, been accepted and their receipt acknowledged from the beginning of the lease up to and including the last installment of rent accruing prior to the conveyance to The Gerry Estates, Inc., that installment falling due on December 15, 1928, but not being paid until January 19, 1929. All other covenants and conditions of the lease had been duly performed by the lessees at the time of the conveyance.

The plaintiffs claim that the transfer of the property on January 14, 1929, constituted a " sale " within the meaning of the lease and that they are entitled to the cancellation of the bond and the return of the collateral deposited with the surety. Accordingly, they have brought this action for that relief against the latter and the executors of the last will and testament of the lessor.

The defendants, on the other hand, take the position that there was no sale, since the stock of The Gerry Estates, Inc., was owned, at the time of the conveyance, by the four children of the lessor, as individuals, and by two of them as trustees under a trust indenture (executed by the lessor and his wife) for the benefit of all four. They urge that the " veil of the corporate entity " should be pierced and the corporation treated as if it and its stockholders were one and the same. This contention is sufficiently disposed of by pointing out that two of the directors at the time of the conveyance were not children of the lessor and held no stock in the corporation. Moreover, The Gerry Estates, Inc., owned property received by it from grantors in no way related either by blood or marriage to the family of the lessor. Under the circumstances, the corporation and the children may not be regarded as identical, for the corporate entity is not a fiction here, but a fact. To quote from the opinion of the Court of Appeals in *Matter of Kohler* (231 N. Y. 353, at p. 367): " The individual influence and ultimate control by a majority stockholder does not in itself constitute in any proper sense a business owned and carried on by such stockholder. At no time could the executors or trustees have taken the management of the

corporations or either of them out of the control of the directors (*Manson* v. *Curtis*, 223 N. Y. 313), nor could the profits or income of the corporations have been divided except by dividends to be declared on the stock by the directors of the corporations severally." Efforts to pierce the veil of the corporate entity have succeeded when exerted on behalf of strangers, to prevent the doctrine of the corporate entity from being used as an instrument of fraud, but here they are put forward by the very persons who participated in the creation of the corporation. No satisfactory reason is presented for refusing to recognize that The Gerry Estates, Inc., is entirely separate and distinct in contemplation of law from those who are its stockholders, and the conveyance to it must, therefore, be considered as a " sale " within the meaning of the lease. As stated by Professor Wormser, in his work on " The Disregard of the Corporate Fiction and Allied Corporate Problems " (at pp. 83 to 84): " Corporate entity will not be ignored at law or equity simply because the number of stockholders is few, or even one, unless the circumstances are such as would warrant the same disregard of the entity were there ten thousand shareholders. As a corollary to this, it follows, in the absence of such extraneous circumstances, that, where a question of title to corporate property is involved, the concept must be faithfully adhered to though there be but one stockholder, under the penalty of an otherwise inextricable confusion. * * * The nearest approximation to generalization which the present state of the authorities would warrant is this: When the conception of corporate entity is employed to defraud creditors, to evade an existing obligation, to circumvent a statute, to achieve or perpetuate monopoly, or to protect knavery or crime, the courts will draw aside the web of entity, will regard the corporate company as an association of live, up-and-doing, men and women shareholders, and will do justice between real persons."

The second point made by the defendants is that the fact that the lessees were in default in paying the rent due December 15, 1928, at the time of the transfer to The Gerry Estates, Inc., deprives them of any right which they might otherwise have to the cancellation of the bond. In *Kottler* v. *New York Bargain House, Inc.* (242 N. Y. 28), the Court of Appeals, in an opinion by Judge, now Chief Judge CARDOZO, said that an agreement that a landlord might retain a deposit until the expiration of the lease, despite a transfer by him of the reversion during the term of the lease, was not to be readily gathered from words of doubtful meaning. Although it was expressly recognized that by " apt words " provision could have been made that the retention of the deposit was

to survive until the end of the term, the lease then before the court was construed as not evincing such an intention, and the deposit was allowed as a credit against the landlord's claim, although the lease did not end until after the commencement of the action. The court took the view that the transfer of the reversion terminated the landlord's right to keep the deposit notwithstanding that the lease provided that it was to be applied to the last two months' rent, and cited the case of *Mauro* v. *Alvino* (90 Misc. 328) as one where the parties had agreed, by "apt words," to the contrary. In *Rosenfeld* v. *Aaron* (248 N. Y. 437) the lease fixed a definite date (September 1, 1930) for the return of the deposit and the court held that it might be retained by the lessor despite a conveyance by the latter prior to that time, citing as authority both *Mauro* v. *Alvino* (*supra*) and *Kottler* v. *New York Bargain House, Inc.* (*supra*).

The provision in the instant case for the cancellation of the bond upon a sale by the lessor would appear to dispel any thought that the latter was to have the right to keep the bond in force after he no longer had any interest in the property or the lease. The proviso that "the lessees shall have faithfully performed all the covenants and conditions herein contained" is not readily to be interpreted as meaning that any default at the time of the sale, no matter how trivial or inconsequential, was to have the effect of permitting a lessor, who had divested himself of the reversion, to retain the bond in full force and effect despite the curing of the default by the payment to him and the acceptance by him of the entire arrears. The purpose of the proviso was apparently to prevent a cancellation of the bond while the lessor still had moneys coming to him under the lease, rather than to prolong the life of the bond for the benefit of a grantee of the lessor — an intent "not readily [to] be gathered from words of doubtful meaning." (*Kottler* v. *New York Bargain House, Inc.*, 242 N. Y. *supra*, at p. 37.) Furthermore, the circumstance that rent and taxes were habitually received and accepted after their due dates from the very inception of the lease, and the payment and acceptance after the conveyance of the rent then in default, are sufficient to constitute a waiver of any otherwise existing right to have the bond maintained in full force and effect.

As to the questions of non-joinder and misjoinder of parties defendant, the lessor's executors were the proper defendants, in view of the personal nature of the covenant for the furnishing of the bond, which, like covenants in regard to the making of deposits, does not run with the land. (*Mauro* v. *Alvino*, 90 Misc. 328.) In that case the executors of the lessor were held to be the proper defendants in an action to recover a deposit, for the very reason

that the deposit did not run with the land, and it was further held that no cause of action existed against the grantee. As neither The Gerry Estates, Inc., nor the heirs of the lessor could enforce the bond, which ran only to the lessor, they were neither necessary nor proper parties.

For the reason indicated, judgment is directed for the plaintiffs for the relief demanded in the complaint. Submit decision and judgment on notice.