MARGUERITE K. DONNELLY, Plaintiff, *v.* IDA ROSOFF and Another, Defendants. *

Municipal Court of New York, Borough of Manhattan, Ninth District, September 30, 1937.

* Affd., without opinion, Supreme Court, Appellate Term, January 14, 1938, N. Y. L. J. Jan. 15, 1938, p. 232.

*John E. Donnelly* [*John E. Donnelly* and *Peter J. McCoy* of counsel], for the plaintiff.

*Arthur B. Cohn,* for the defendants.

EDER, J.   The action is to recover the sum of $125 which plaintiff claims to be entitled to after sustaining damages in excess of this sum deposited by a tenant who had defaulted in his rent and had been removed from the premises in summary proceedings.

Defendants, formerly owners of certain real property, on or about May 25, 1935, leased a store to one Michael Scotto for a term of three years and six days ending May 31, 1938; the rental was $1,500 per annum during the first half of the lease and $1,560 per annum during the second half thereof, payable in installments of $125 each on the first day of each month during the first half and $130 on the first day of each month during the second half.

The tenant deposited with the defendants $125 as security for the faithful compliance by the tenant with all the terms, covenants and conditions of the lease.

On or about October 21, 1935, the defendants conveyed the premises to the plaintiff, subject to leases and existing tenancies. After the conveyance and on December 1, 1935, the plaintiff instituted summary proceedings to remove Scotto, the tenant, from possession for default in the payment of $136.44, arrears in rent. In obedience to the precept served upon him Scotto removed from the premises on or about January 2, 1936, owing the December, 1935, rent.   The premises remained vacant until February 1, 1936, when the plaintiff leased the same to one Pasquale Ferrara for a term of three years, expiring January 31, 1939 (a term extending beyond the first lease), at a rental of $125 per month.

It would seem that this state of facts entitles plaintiff to judgment, but defendants contend that notwithstanding the lease to the new tenant for a term extending beyond the lease to the dis-

possessed tenant, the premises may again become vacant and the plaintiff may relet at such àn increased rental as to suffer no damages, saying " since the Scotto lease by its terms did not expire until 1938, there was no ascertainment of any loss, and consequently the defendants might still be liable to Scotto for the return of the security and therefore this action was prematurely brought by the plaintiff."

If this contention is sound, it would defeat plaintiff's right to recover. But I am of the opinion, for reasons presently stated, that this contention is untenable.

In the state of the law at present, a deposit so made by a tenant with his landlord constitutes a trust fund, held by the landlord merely to secure the payment of rent and the performance of the covenants of the lease. (Real Prop. Law, § 233, in effect Sept, 1, 1935.) While the lease at bar was executed May 1, 1935, prior to the time section 233 became effective, nevertheless such a deposit for the due performance of the covenants of the lease, at least created the relation between the tenant and the defendants of debtor and creditor. (*Sagone* v. *Mackey*, 225 N. Y. 594; *Levinson* v. *Shapiro*, 238 App. Div. 158; affd., 263 N. Y. 591; *Mendelson-Silverman, Inc.*, v. *Malco Trading Corp.*, 146 Misc. 215; affd., 238 App. Div. 852; affd., 262 N. Y. 621.) This deposit was a fund to indemnify the owner, whoever he might be, and was never intended or regarded as a gift or gratuity and its unlawful retention is a misdemeanor. (Penal Law, § 1302-a.)

It is true that a covenant to repay the tenant is a personal one between him and his landlord, and the landlord, generally, even after he has conveyed the premises, is entitled to retain the deposit until the right to hold it as security has terminated; but when it has terminated he must pay it to whoever is entitled to it. (*Rosenfeld* v. *Aaron*, 248 N. Y. 437, 441.) But the benefits of a covenant for security for the performance of a lease run with the land, and a grantee who takes subject to a lease obtains the benefits of the security deposited for its due performance. (*Halsted* v. *Globe Indemnity Co.*, 258 N. Y. 176.)

" The benefit of a covenant of a surety for rent runs with the land and, in the absence of a stipulation to the contrary, the grantee who takes subject to a lease obtains the benefit of the securities deposited for the due performance of the lease." (*Halsted* v. *Globe Indemnity Co.*, supra, p. 180.)

When the defendants conveyed the premises to the plaintiff, all privity of estate between them and the tenant ended, and their right to enforce any agreement, not broken on the part of the

tenant, came to an end (*Seidlitz* v. *Auerbach*, 230 N. Y. 167, 175); their rights were then transferred to plaintiff, their grantee, and the deed operated as an assignment of their rights, including their rights to indemnity from the funds held by them as security. (*Markantonis* v. *Madlam Realty Corp.*, 262 N. Y. 354, 362, 363.)

The plaintiff is entitled to the benefit of the security held by the defendants; as the beneficiary thereof she may sue whoever holds the fund of indemnity for the damages suffered by her caused by the breach of the covenants of the lease, up to the amount of the fund. (*Vail* v. *Foster*, 4 N. Y. 312; *Halsted* v. *Globe Indemnity Co.*, *supra; Peirson* v. *Lloyds First Mortgage Co.*, 260 N. Y. 214, 222; *Shenk* v. *Brewster*, 189 App. Div. 608, 610.)

The plaintiff's claim is not for future loss but for *accrued past due* rent which no amount of loss or gain in the future can in any way affect; the plaintiff claims nothing beyond a loss of rent during the existence of the lease, and however the cause of action may be styled or characterized, it is in truth a claim for rent *as such*. (See *Kottler* v. *New York Bargain House*, 242 N. Y. 28.)

The claim of defendants that there is no ascertainment of loss to the landlord until the termination of the lease and that the action is prematurely brought, is, therefore, clearly, untenable. The contention is answered by the simple test: Could such a theory be successfully advanced if the plaintiff brought an action against the tenant for this *past due* rent? Obviously, not.

It was to indemnify the owner against just such a loss that the deposit was made.

There appears to be no defense to this action on the facts or law and judgment is accordingly awarded in favor of the plaintiff and against the defendants for the sum of $125, with interest, as prayed for. Five days' stay of execution.