GETTY REALTY CORPORATION, Landlord, *v.* 2 EAST 61ST STREET CORPORATION, Tenant.

Municipal Court of New York, Borough of Manhattan, Ninth District, January 11, 1939.

*Stanchfield & Levy* [*David S. Hecht* and *Henry J. Oechler* of counsel], for the landlord.

*Root, Clark, Buckner & Ballantine* [*John H. Wood* and *Eric B. Nelson* of counsel], for the tenant.

*Beekman, Bogue, Leake, Stephens & Black* [*Milton Weiss* of counsel], for the trustee, Fulton Trust Company of New York, intervenor.

*Abraham N. Geller*, for J. Frederick Hartfield and others, intervening leasehold bondholders.

*Szold & Brandwen* [*H. N. Finkelstein* and *A. Doskow* of counsel], for the World Investment Trust and others, intervening debenture holders.

*White & Case* [*A. H. Deyampert* of counsel], for the Manufacturers Trust Company.

Ecker, J. This is a summary proceeding under subdivision 1 of section 1410 of the Civil Practice Act brought by the landlord to dispossess the tenant from premises, including land and a building, situated at Fifth avenue and Sixty-first street, in the borough of Manhattan, city of New York, and known as the Hotel Pierre, on the ground that the lease has been terminated by the landlord, in accordance with its terms, for a default by the tenant and that the tenant holds over after such termination without the consent of the landlord.

By lease dated March 20, 1929, Hotel Pierre, Inc., the tenant's predecessor, leased from The Gerry Estates, Inc., the owner thereof and the predecessor of the landlord herein, the land and buildings located at 2, 4 and 6 East Sixty-first street, in the borough of Manhattan, New York, N. Y. In accordance with the provisions of the lease, the tenant demolished the old buildings standing on the land and erected " in substitution therefor " a new building called the Hotel Pierre. The lease was assigned by Hotel Pierre, Inc., to the tenant herein and a written modification of lease entered into as of June 1, 1932, between The Gerry Estates, Inc., and 2

East 61st Street Corporation, reducing the amount of rental to be paid by the tenant and providing for rental terms more favorable to the tenant. Except as modified, the original lease was continued in full force and effect.

The lease as modified called for payment of ground rent from June 1, 1932, to May 31, 1935, only to the extent earned, and thereafter for fixed rentals to be paid absolutely and additional contingent rentals to be paid only out of earnings.

Shortly before the first installment of fixed ground rent was to become due on June 1, 1935, at the tenant's request, the landlord agreed in writing to defer until December 1, 1935, the rent for the period from June 1, 1935, to December 1, 1935. Thereafter, from time to time, the tenant made a few payments on account of rent to be applied to rent for the earliest period of time, and requested and was granted additional deferments of time for the payment of the balance thereof. Under the terms of the lease as modified, ground rent for the period from June 1, 1935, to October 31, 1938, aggregated $341,666.67. Of this sum, the tenant paid a total of $59,768.39 and received an additional credit of $2,366.39 applied on account thereof, making a total of balance of rent unpaid for the period of $279,531.89. The last deferment agreed to by the landlord was by letter written to the tenant on May 25, 1938, deferring payment until October 31, 1938, on condition that the landlord reserved the right at any time, on thirty days' notice, to declare the entire balance, or any part thereof, to be due and immediately payable. Each of the deferments which was granted from time to time was done by written letter from the tenant requesting a deferment, a written reply by the landlord agreeing to the deferment and a written acknowledgment by the tenant.

On October 21, 1938, ten days prior to the last deferred date for the payment of the balance of the ground rent for the period from June 1, 1935, to October 31, 1938, The Gerry Estates, Inc., sold all of its right, title and interest in the premises, including the land, building and appurtenances thereon, to Getty Realty Corporation, the landlord herein, and conveyed the same to it by quitclaim deed. By the agreement of sale, all rents due and to become due were included in the property conveyed.

On October 19, 1938, prior to the conveyance to the present landlord, the tenant wrote to The Gerry Estates, Inc., asking for a further deferment. The Gerry Estates, Inc., replied to the tenant that it had sold its interest in the property to Getty Realty Corporation and that any question of deferment would have to be taken up with Getty Realty Corporation. Accordingly, the tenant requested a deferment from Getty Realty Corporation, the land-

lord herein, but this request was denied, the landlord herein stating that it would insist on the payment of the balance of the rent on October 31, 1938, when it would become due.

The agreement of lease contained a conditional limitation permitting the landlord to terminate the lease for a default by the tenant in the performance of any of the conditions or covenants contained in the lease, in the following language:

" *Eighteenth.* Termination of Lease or Re-Entry on Default, etc.: It Is Covenanted and Agreed and this lease is upon the express condition that in case the lessee shall fail or omit to perform or shall breach any of the covenants or conditions herein contained and such default shall continue thirty days after notice to the lessee in writing by the lessor, the lessor may terminate this lease at any time by giving five days' previous written notice to the lessee and the term shall end by limitation five days after the service of such notice, and the lessor may recover possession of the demised premises by summary proceedings or otherwise; or in case of any such failure, omission or breach and the continuance thereof for thirty days after notice to the lessee in writing by the lessor, the lessor may, without further notice, re-enter upon the demised premises and repossess the same."

The tenant failed to pay the balance of rent which had been deferred to October 31, 1938, and on November 1, 1938, the landlord gave written notice of such default as provided in the lease to be given preparatory to its termination. On December 2, 1938, such default having continued for thirty days after notice thereof, the landlord gave the tenant written notice, as provided in the lease, terminating the lease five days thereafter, so that the term of the lease ended by limitation on December 7, 1938.

Upon the consent of the landlord, orders were entered permitting the intervention in this proceeding of certain bondholders and debenture holders of the tenant and of the Fulton Trust Company of New York and the Manufacturers Trust Company of New York as trustees, respectively, of outstanding bonds and debentures of the tenant.

The principal defenses urged by the tenant and the intervenors are based upon an assertion (1) that the rent, for the non-payment of which the lease was terminated, became due prior to the conveyance of the property to the present landlord, and (2) that the tenant, being the owner of the building, may not be dispossessed therefrom.

As to the first defense, I am unable to see any merit in this contention when applied to this case. It is conceded that there was a substantial default by the tenant in the payment of ground

rent and that such default had never been waived by the landlord herein or its predecessor. There is also no question that had The Gerry Estates, Inc., not conveyed the property to the landlord herein, it could have terminated the lease in exactly the same manner as was done by the landlord herein and could have maintained these proceedings. The conveyance of the property could not destroy the right to terminate the lease for condition broken.

At a comparatively early time in the development of English law, it became apparent that it was desirable to facilitate conveyances of real property by giving to the grantee rights in respect of such property conveyed which were as great as those held by his grantor. Accordingly, there was adopted in England a statute to this effect (32 Henry VIII, chap. 34). Not only did this statute become part of the common law in this State (State Const. art. 1, § 16), but there was adopted in this State as in most other States in the country a statute (Real Prop Law, now § 223) modelled upon the English statute above mentioned. (See *Van Rensselaer* v. *Jewett,* 5 Den. 121, 127.)

While, in my decision on the motions by the tenant and the intervenors to dismiss the petition, I decided that the rent became due on the respective dates specified in the lease, I am of the opinion my conclusion in that respect is entirely immaterial in order to dispose of the issues raised in this proceeding. It is sufficient that there was no waiver on the part of The Gerry Estates, Inc., of the right to terminate the lease for the non-payment of the rent. The deferment of rent gave to the tenant an extended period of time until October 31, 1938, during which it could have paid the rent and prevented a termination of the lease.

On October 21, 1938, when the landlord herein received the conveyance of the property, the situation was that The Gerry Estates, Inc., had the right to terminate the lease by giving proper notice and complying with the terms of paragraph " eighteenth " if the balance of deferred rent was not paid by October 31, 1938.

It would be without legal foundation to hold that the landlord herein did not succeed to that right upon becoming the owner of the property. The right was not' lost by the conveyance, but, to use the language of section 223 of the Real Property Law, the grantee had the same right of termination " as his grantor * * * had or would have had if the reversion had remained in him." (*Scheele* v. *Waldman,* 136 App. Div. 679; *Donnelly* v. *Rosoff,* 164 Misc. 384; *Burnee Corp.* v. *Uneeda Pure Orange Drink Co., Inc.,* 132 id. 435; *Bailey* v. *Walker & Co.,* 290 Fed. 282; *Smith* v. *Lewis,* 20 Penn. Dist. Rep. 459.)

This lease does not provide that the right to terminate is a personal right belonging only to the original landlord. It must be viewed as a covenant running with the land. This conclusion is fortified by the lease itself which provides in paragraph " thirty-third " that each and every covenant shall inure to the successors and assigns of the parties to the lease.

The case of *810 West End Avenue, Inc.*, v. *Frankel* (113 Misc. 338), urged by the tenant and the intervenors in support of their position, is not in conflict with my conclusion; it has no applicability whatsoever. That case did not involve the right of the landlord's successor in interest to terminate the lease for condition broken which, as I see it, is the question involved herein.

There is likewise no substance to the argument of the tenant and the intervenors that the landlord has no right to gain possession of the land and building because the tenant claims title to the building.

As to the second defense, it is neither necessary nor proper to determine title to the building in this proceeding, and I expressly refrain from so doing. Regardless of title to the building, since the agreement made between the parties expressly gives the right of possession of the building to the landlord under the circumstances herein involved, the landlord has the right to gain such possession by this proceeding. (*Paine* v. *Rector of Trinity Church*, 7 Hun, 89; *Matter of Coatsworth*, 160 N. Y. 114; *Finkelmeier* v. *Bates*, 92 id. 172; *Kutter* v. *Smith*, 2 Wall. 491 [1864].)

Summary proceedings to dispossess raise the question of the right to possession and not title. The very paragraph of the lease relied on by the tenant and the intervenors in claiming title (¶ " nineteenth ") states that the landlord is entitled to possession of the building under the facts here presented.

A final order in this matter was directed and signed on the 9th day of January, 1939. However, in order to set forth the grounds upon which the decision was based, I have deemed it of sufficient importance to file the court's opinion in connection therewith.