METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff, *v.* STEPHEN REALTY COMPANY, INC., Defendant.

City Court of New York, Trial Term, New York County, January 22, 1942.

*Tanner, Sillcocks & Friend,* for the plaintiff.

*Gettner, Simon & Asher,* for the defendant.

BYRNES, J. This case is submitted for determination upon an agreed statement of facts.

In May, 1932, the defendant, as landlord, and one Birmingham Cafeteria, Inc., as tenant, entered into a written lease for a part of a building, consisting of a store and basement space, for a term of fifteen years ending July 14, 1947. The tenant deposited $2,166.68 as security under the following agreement:

"The tenant hereby deposits with the landlord the sum of $2,166.68 as security for the tenant's faithful performance of all the terms, covenants and conditions of this lease, which security is to remain in the possession of the landlord until the 14th day of July, 1947. Said security shall bear interest at the rate of three and one-half ($3\frac{1}{2}\%$) per cent per annum payable by the landlord to the tenant annually.

"Provided the tenant and/or assignee is then in possession and has fully performed all of the terms, covenants and conditions of said agreement of lease on its part to be performed, in which event, and upon such termination, said security shall be returned to the tenant. It being expressly understood and agreed that if the said tenant fails to comply with each of the terms, covenants and conditions of the within lease, or surrenders said premises without the written consent of said landlord, or be dispossessed therefrom prior to the expiration of this lease, then, and in that event, the said sum herein deposited aforesaid, shall belong to the said landlord, or be dispossessed therefrom prior to the expiration of this lease, then, and in that event, the said sum herein deposited aforesaid, shall belong to the said landlord as a part payment of the disbursements, costs and expenses that the said landlord may undergo for the purpose of regaining possession of the said premises,

and the sum shall not be considered as payment for any rent due, or to become due by reason of these presents, or in any manner release the said tenant from such rents herein reserved, or from any of the obligations herein assumed by said tenant.

" In the event of an assignment of this agreement of lease by the landlord, or the conveyance of said building of which the demised premises are a part, the landlord shall have the right in either event to assign any and all security which may be on deposit with it by the tenant herein, provided that with such transfer of the security by the landlord, it obtains from the assignee and/or purchaser, an indemnity agreement acknowledging the receipt of said security and indemnifying the tenant with respect thereto, in which event the landlord will be released from any and all obligation to the tenant with respect thereto."

Thereafter the plaintiff in the present case, as first mortgagee of the building of which the demised premises were a part, instituted a foreclosure action. The defendant as owner of the building was of course a party to the foreclosure suit but the tenant Birmingham Cafeteria, Inc., was not.

The Supreme Court, in which the foreclosure action was pending, appointed a receiver of the rents and profits of the building, who qualified and entered upon his duties. There was then due for arrears of rent from the tenant a total of $23,705.97. A compromise was effected between the receiver and the tenant, with the approval of the court, whereby the tenant paid to the receiver the sum of $5,000 and also assigned to him the aforementioned security deposit. The building was sold at public auction pursuant to the terms of a judgment of foreclosure and sale and the plaintiff in the foreclosure action, who is the present plaintiff, bought the property at the sale and is now the owner. After applying the proceeds of the sale against the amount due upon the mortgage there remained a deficiency of $519,265.71, as shown by the referee's report of sale, which was duly confirmed. No deficiency judgment was entered. Subsequently the account of the receiver was approved and he was directed to deliver to the plaintiff an assignment of the aforesaid security deposit of $2,166.68. Thus Metropolitan Life Insurance Company became the owner of the building, the landlord of Birmingham Cafeteria, Inc., and also, by mesne assignment, the owner of the latter's interest in the security deposit.

As owner of the building and of the tenant's interest in the security deposit plaintiff contends that it may recover it from defendant, the original landlord. The latter does not claim any right to apply the security for any default of the tenant or for any breach of covenant on the tenant's part which occurred prior to

the foreclosure sale but asserts that the action is nevertheless premature, that it has a right to hold the security deposit until the expiration of the term of the lease in July, 1947. It concedes that there is no claim or demand of any kind to which it can at this time apply any part of the security. Nor can it acquire any such claim or demand in the future, except perhaps by assignment from the present plaintiff or any future owner of the property.

In *Halsted* v. *Globe Indemnity Co.* (258 N. Y. 176, 180, 181) POUND, J., said: " The benefit of a covenant of a surety for the rent runs with the land and, in the absence of a stipulation to the contrary, the grantee who takes subject to a lease obtains the benefit of securities deposited for the due performance of the lease. (LEHMAN, J., in *Mauro* v. *Alvino*, 90 Misc. Rep. 328, 330; cited with approval in *Kottler* v. *New York Bargain House, Inc.*, 242 N. Y. 28, 37, and *Rosenfeld* v. *Aaron*, 248 N. Y. 437, 441.) " Thus, as owner of the property, plaintiff is entitled to the benefit of the deposit. In *Mauro* v. *Alvino* (*supra*), cited in *Halsted* v. *Globe Indemnity Co.* (*supra*), LEHMAN, J., writing for the Appellate Term, First Department, said: " The benefit of a covenant of a surety for the rent does run with the land. (*Allen* v. *Culver*, 3 Den. 284; *Waterbury* v. *Graham*, 6 N. Y. Super. Ct. [4 Sandf.] 215.) The grantee who takes subject to a lease should also, on principle, obtain the benefit of security deposited for the due performance of the lease. While he cannot compel his grantor to transfer the deposit to him because the grantor is bound by his covenant with the lessee personally to return it to him at the expiration of the lease, yet so far as the circumstances permit he should receive the benefit of this security. If his grantor is permitted to hold the security exactly as the parties have themselves provided, then upon the expiration of the lease, while the grantor could not counterclaim in his own right for any damages which may have accrued by reason of any breach on the part of the tenants, yet the grantee in whom such right of action rests could assign his chose in action to his grantor, and the grantor could, by virtue of such assignment, set up the counterclaim." In that case the tenant sought to recover the security deposit before the expiration of the lease on the ground that the original landlord with whom the deposit had been made had conveyed the property and, therefore, no longer had any interest in the security. Recovery was denied to the tenant because the action was premature and because, as Judge LEHMAN pointed out, " the landlord and his grantee acting together are still in a position to obtain a benefit from holding the deposit in accordance with the terms upon which it was made."

The case at bar is not one in which the original landlord and the present owner will co-operate in order to afford the latter the benefit of the security. The original landlord no longer has any interest in the security, and as the *Mauro* case indicates, the deposit can avail him nothing unless he acts in co-operation with the present owner.

If this action were brought by the tenant it would be dismissed as premature. (*Mauro* v. *Alvino, supra.*) But this plaintiff may have the benefit of the security deposit, because it runs with the land; and he also holds by assignment the interest of the tenant. There is an analogy in principle between the instant case and *Donnelly* v. *Rosoff* (164 Misc. 384), a decision of the Municipal Court of the City of New York, affirmed without opinion by the Appellate Term of the Supreme Court, First Department, January 14, 1938. That case was an action brought against the grantor and original landlord with whom the security deposit was made by a grantee, who, like the present plaintiff, took subject to the lease. After the conveyance to the grantee the tenant removed from the premises owing the grantee an amount in excess of the security deposit. The latter undertook to recover the security deposit from the grantor, although the lease, which contained a provision for a return of the security at the end of the term, had not expired. Recovery was allowed. In the opinion of the Municipal Court (*Donnelly* v. *Rosoff, supra,* 386, 387) it was said: " When the defendants conveyed the premises to the plaintiff, all privity of estate between them and the tenant ended, and their right to enforce any agreement, not broken on the part of the tenant, came to an end (*Seidlitz* v. *Auerbach,* 230 N. Y. 167, 175); their rights were then transferred to plaintiff, their grantee, and the deed operated as an assignment of their rights, including their rights to indemnity from the funds held by them as security. (*Markantonis* v. *Madlam Realty Corp.,* 262 N. Y. 354, 362, 363.) The plaintiff is entitled to the benefit of the security held by the defendants; as the beneficiary thereof she may sue whoever holds the fund of indemnity for the damages suffered by her caused by the breach of the covenants of the lease, up to the amount of the fund. (*Vail* v. *Foster,* 4 N. Y. 312; *Halsted* v. *Globe Indemnity Co., supra; Peirson* v. *Lloyds First Mortgage Co.,* 260 N. Y. 214, 222; *Shenk* v. *Brewster,* 189 App. Div. 608, 610.) "

If the tenant in the case in hand were now to default in the payment of rent, the plaintiff could, in view of the *Donnelly* case, recover the defaulted rent in an amount not exceeding the security deposit from the defendant, who still holds the deposit though unable to use it for its own benefit. Since this is so, I see no reason

why the present owner of the property and the tenant cannot, by mutual consent, apply the security to the use of the former. The assignment to the present owner, through the receiver, was in payment of arrears of rent which the receiver was entitled to collect for the benefit of the former, which was then mortgagee under a defaulted mortgage. (*New York Life Ins. Co.* v. *Fulton Development Corp.*, 265 N. Y. 348, 351.) The case at bar is stronger than *Donnelly* v. *Rosoff* (*supra*), for not only is the plaintiff entitled to apply the security deposit to rent due from the tenant but it has the tenant's consent — a transfer of the tenant's interest in the security. There is no right in the security remaining in the former owner of the property which he may assert against the combined interest of the present owner and the tenant who made the deposit. There is no substantial reason why the defendant should be permitted to retain the security to the detriment and against the wishes of the present owner and the tenant.

*Fields Holding Co., Inc.*, v. *Chanbrook Realty Co., Inc.* (246 App. Div. 241), is of course not in point, for in that case the action to recover the security was brought after the lease under which it was deposited had been terminated, whereas in the present case the lease has neither been terminated nor has it expired. But the following from the *Fields* case (p. 246) is of interest here: " The clauses of the present lease read as a whole make it certain that the deposit is not to be retained as a penalty. They also show that plaintiff did not intend to make a four per cent investment until 1947 with the defendant. The need for the retention of the deposit as security has disappeared." Clearly the defendant here has no " need for the retention of the deposit as security," and should not be permitted to keep it contrary to the desire of the only person having any possible present interest in the security, the plaintiff, in which is merged the interest both of the landlord and of the tenant that made the deposit.

Defendant questions the propriety of the procedure by which the security came to be transferred from the receiver in the foreclosure action to the plaintiff, contending that there was not compliance with rule 175 of the Rules of Civil Practice. However, defendant may not thus attack collaterally a decree of the Supreme Court made in an action to which it was a party; the assignment by the receiver to the plaintiff was pursuant to such decree.

Judgment may be entered in favor of the plaintiff and against the defendant for the sum of $2,166.68, with interest at the rate of three and one-half per cent per annum from May 23, 1932, to August 18, 1938, and thereafter at the rate of six per cent per annum.

Ten days' stay. Sixty days to make a case.